IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CASEY SOUTHERN,

        Plaintiff,

v.                                                                       Case No.  21-2053-JWB

KILOLO KIJAKAZI, Acting Commissioner of the
Social Security Administration,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion for an award of attorney fees in the amount of $12,352.64 and costs of court, under the Equal Access to Justice Act ("EAJA"). (Docs. 17, 18.) The Commissioner of Social Security ("the Commissioner") contests the award of fees, claiming the number of billable hours claimed by Plaintiff's attorney is unreasonable and that the hourly rate is not appropriate. (Doc. 19.) For the reasons provided herein, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

**I.    Procedural History**

On February 1, 2021, Plaintiff filed this action appealing the decision of the administrative law judge finding that Plaintiff was not disabled. (Doc. 1.) On June 2, the Commissioner filed an answer and the administrative record in this case. Notably, the record is a total of 2,931 pages. (Doc. 9.) On July 19, Plaintiff filed her social security brief. (Doc. 10.) The brief was extensive, addressing a significant medical history and several medical opinions. In response, the Commissioner filed an unopposed motion to remand this matter to the agency. (Doc. 14.) The motion was granted and this matter was remanded. Plaintiff now moves for attorney's fees and

1

costs. Plaintiff has included an affidavit from her attorney detailing the time spent on this matter. Reviewing that affidavit, Plaintiff's counsel spent approximately 28 hours reviewing the lengthy record and doing initial research. Plaintiff's counsel also billed approximately 24 hours drafting the initial brief. (Doc. 17-1.) There is additional minimal time for a conference with the Commissioner's attorney, drafting pleadings, and filing documents. In total, Plaintiff seeks attorney's fees of $12,342.64 for 56.2 hours of billable time at the rate of $219.62 per hour.

The Commissioner objects to the billable hours and the rate billed. Instead, the Commissioner argues that Plaintiff should only be awarded for 40 hours of billable time and that the rate should be reduced to $209.85 per hour.

## II.     Analysis

"The EAJA . . . requires that a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified." *Sieber v. Berryhill*, No. 17-2630-JWL, 2018 WL 3389888, at *2 (D. Kan. July 12, 2018) (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). Here, the Commissioner is not arguing that its position was substantially justified. Rather, the Commissioner objects to the total amount of hours and the hourly rate.

Courts have a duty to review the reasonableness of attorneys' fees to avoid the public bearing the burden of payment of unreasonable attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Reasonableness in the context of hours billed requires consideration of whether the hours were necessary under the circumstances. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). "The party seeking attorney fees bears the burden of proving that its request is reasonable and must 'submit evidence supporting the hours worked.'" *Sieber*, 2018 WL 3389888 at *2 (quoting *Hensley*, 461 U.S. at 433-34).

Here, the Commissioner argues that 56.2 hours, including 52 hours for reviewing the record and drafting the initial brief is unreasonable.  The Commissioner contends that the standards for this district supports a finding that 40 hours is reasonable because the issues were relatively straightforward.  In response, Plaintiff argues that the record was extensive and included more than fifteen physician opinions as to Plaintiff's physical impairments and seven opinions as to her mental impairments, which is not typical of a routine social security case.   Viewing the extensive initial brief, Plaintiff's attorney discussed and analyzed multiple opinions and third party statements.  In doing so, Plaintiff's attorney cited extensively to the voluminous record in support of the arguments in the brief.  The court finds that the record in this case, the number of medical opinions, and the extensive arguments presented in Plaintiff's initial brief supports the conclusion that this case is not a routine social security appeal.

Reviewing the relevant authority in this district, although the typical application for fees in these cases is between 30 and 40 hours, that amount is for routine cases.  *Tate v. Colvin*, No. 15-4870-SAC, 2016 WL 7373896, at *1 (D. Kan. Dec. 20, 2016).  As pointed out by Plaintiff, this court has permitted awards in excess of 40 hours when the amount of time documented was reasonably necessary to accomplish the tasks.  *See id.*  (citing *Masenthin v. Barnhart*, 2005 WL 1863146 at *3-4 (D. Kan. July 21, 2005) (permitting an award of 76.75 hours); *Sommerville v. Astrue*, 555 F. Supp. 2d 1251, 1254 (D. Kan. 2008) (approving 67.86 hours of attorney time when the record was more than 1,000 pages and finding the "fact that typical Social Security disability cases involve around 40 hours of attorney time is irrelevant.").  Notably, however, these cases were not in the same procedural posture as this case.  Rather, these cases required the plaintiff's attorney to draft both an initial brief and a reply brief.

The court has carefully reviewed Plaintiff's initial brief. The issues raised in the initial brief were not unduly complex but the record was expansive. Plaintiff's initial brief did include a very lengthy factual background of more than 60 pages. Plaintiff argues that this extensive discussion was a result of the lengthy record; however, Plaintiff fails to articulate why the initial brief required such an extensive discussion of Plaintiff's entire medical history. After review, the court finds that such an exhaustive discussion was not necessary in this case given the arguments raised in the brief. Notably, the argument section of the brief contained several additional facts such that the extensive factual recitation was not imperative to the arguments. (*See* Doc. 10 at 72-80.) Therefore, the court finds that 52 hours for reviewing the record and drafting the initial brief was not reasonable. Rather, in light of the issues raised in this case, the court finds that 37 hours was reasonably expended in reviewing the record and writing the initial brief. *See Tate*, 2016 WL 7373896, *2 (reducing hours for the initial brief). The court finds that the other hours billed by Plaintiff were reasonable. The court will also add an additional four hours for Plaintiff's counsel having to respond to the Commissioner's objection to the EAJA motion. *Id.*

In summary, the court finds that 45.2 hours was reasonably expended in presenting this case to the court.

Turning to the hourly rate, Plaintiff seeks a rate of $219.62 per hour. (Doc. 17-1 at 2.) The EAJA provides that attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A). To make an adjustment to account for the cost of living, courts look to the Consumer Price Index (CPI) report published by the U.S. Bureau of Labor Statistics. *Barnett v. Saul*, No. CV 19-2675-JWL, 2020 WL 7388611, at *3 (D. Kan. Dec. 16, 2020). Plaintiff calculated the hourly rate by using the United States average for her calculations. The

Commissioner objects to this calculation and asserts that the correct hourly rate should be $209.85 per hour based on the Midwest Region for July 2021.  In reply, Plaintiff argues that the Commissioner has not identified any authority that the court is required to use the Midwest Region as opposed to the United States in calculating the cost of living adjustment. (Doc. 20 at 4.) Plaintiff does not suggest that the Commissioner has incorrectly determined the appropriate hourly rate based on the Midwest Region.  Courts in this district routinely use the Midwest Region to calculate the cost of living adjustment.  *See Barnett*, 2020 WL 7388611, at *3.  The court finds that an increase in the cost of living justifies a higher fee than the statutory hourly rate in the EAJA.  However, the court finds that the appropriate adjustment is based on the increase of the cost of living in the Midwest Region instead of the national average.  Therefore, the appropriate hourly rate is $209.85.[1]

### III.  Conclusion

Plaintiff's motion for attorney's fees is GRANTED IN PART and DENIED IN PART.  Plaintiff is awarded a total of $9,485.22 in attorney's fees under the EAJA.  The check for attorney fees should be made payable to Plaintiff and mailed to Plaintiff's attorney's address.  The parties also agree, and the court finds, that Plaintiff should be reimbursed for costs of $402.00 from the Judgment Fund administered by the U.S. Department of the Treasury.

IT IS SO ORDERED.  Dated this 22nd day of November, 2021.

                                              s/ John W. Broomes
                                              JOHN W. BROOMES
                                              UNITED STATES DISTRICT JUDGE

---

[1] The rate is calculated by multiplying the basic EAJA rate by the consumer price index for urban consumers (CPI-U) for the time period the work was performed and then dividing the product by the CPI-U in the month that the cap was imposed (March 1996 for post amendment cases).  *See Culler v. Massanari*, No. 96-4164-SAC, 2001 WL 1718033, at *2 (D. Kan. Dec. 20, 2001)(quoting *Sorenson v. Mink*, 239 F.3d 1140, 1148–49 (9th Cir. 2001) (citation omitted); *see also Barnett*, 2020 WL 7388611, at *3.  The adjusted rate is calculated as follows: ($125.00 x 254.671) ÷ 151.7.  *See United States Bureau of Labor Statistics*, https://data.bls.gov/pdq/SurveyOutputServlet?data_tool=dropmap&series_id=CUUR0200SA0,CUUS0200SA0  (last visited November 19, 2021).