IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CASEY SOUTHERN,

        Plaintiff,

v.                                                Case No. 21-2053-JWB

KILOLO KIJAKAZI, Acting Commissioner of the
Social Security Administration,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion for an award of attorney fees in the amount of $34,914.48 under 42 U.S.C. § 406(b). (Docs. 22, 23.) The Commissioner of Social Security ("the Commissioner") takes no position on the request. (Doc. 25.) For the reasons provided herein, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

**I.    Procedural History**

On February 1, 2021, Plaintiff filed this action appealing the decision of the administrative law judge finding that Plaintiff was not disabled. (Doc. 1.) On June 2, the Commissioner filed an answer and the administrative record in this case. (Doc. 9.) On July 19, Plaintiff filed her social security brief. (Doc. 10.) The brief was extensive, addressing a significant medical history and several medical opinions. In response, the Commissioner filed an unopposed motion to remand this matter to the agency. (Doc. 14.) The motion was granted and this matter was remanded.

Plaintiff filed a motion for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). (Doc. 17.) Plaintiff's attorney sought attorney's fees of $12,342.64 for 56.2 hours of billable time at the rate of $219.62 per hour. The Commissioner objected to the billable hours and

1

the rate billed. (Doc. 19.) The court reduced the amount of hours to 40 and reduced the hourly rate to $209.85. (Doc. 21.) Plaintiff was awarded a total of $9,485.22 in attorney's fees under the EAJA.

After remand, the ALJ issued a fully favorable decision on September 30, 2022. According to Plaintiff, it is anticipated that she will receive $162,212 in back due benefits. (Doc. 22 at 2.) Upon retaining counsel, Plaintiff signed a contingency fee contract in which she agreed that the attorney fee would be one-fourth (25%) of all back due benefits. (Doc. 22-1.) While one-fourth of the back due benefits would be more than $40,000, Plaintiff's attorney seeks $34,914.48 in attorney's fees in this matter. In response, while the Commissioner does not take a position, she does note that this court previously reduced Plaintiff's billable hours.

## II.     Analysis

Pursuant to 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." In social security cases, EAJA fees are separate from fees awarded under § 406(b). *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008). Attorneys cannot keep both fee awards but must refund the lesser of the EAJA or § 406(b) fees to Plaintiff. *Id.* As a result, the EAJA fees "effectively increase [ ] the portion of past-due benefits the successful Social Security claimant may pocket." *Id.* (citation omitted). "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.*

Although an attorney may contract for 25% of past due benefits, the court must ensure that it yields a reasonable result. *Bryant v. Colvin*, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). Plaintiff's counsel seeks attorney's fees of $34,914.48. Counsel indicates that he spent 61 hours on this matter. However, 16.2 of those hours include time that this court previously determined was not reasonable. (Doc. 21.) Therefore, those hours will be deducted. Further, three hours include time spent on this motion which is not time spent on the matter on behalf of the client. (Doc. 22-2 at 2.) Therefore, the court will deduct those hours. This results in 41.8 hours of time spent on this matter on behalf of his client. Plaintiff's counsel does not state what his typical hourly rate is but he has utilized the rate set forth in the EAJA and added an amount for the cost of living index. (Doc. 22-2 at 3.) The court is not bound by those amounts in determining whether an amount is reasonable under Section 406(b). Courts in this district have found reasonable fee amounts ranging from $338.29 to $606.79. *See J.M.V. v. Saul*, No. 18-1202-JWB, 2020 WL 7230233, at *2 (D. Kan. Dec. 8, 2020) (citing *Bryant*, 2014 WL 7359023 at *1 ($418.28 per hour is a reasonable fee); *Robbins v. Barnhart*, Case No. 04–1174–MLB, 2007 WL 675654 at *2 (D. Kan. Feb. 28, 2007)) (courts have found reasonable fee amounts ranging from $338.29 to $606.79 per hour).

After a reduction of the hours to 41.8, the fee requested yields a de facto hourly rate of $835.27. While the court recognizes that Plaintiff's counsel takes a risk in taking on contingency matters, the court does not find $835.27 an hour to be a reasonable rate. Based on the decisions cited herein, the court finds $600 per hour to be reasonable given the circumstances and the parties' agreement. Therefore, the total fee award amounts to $25,080. *See Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.") That amount does not result in a windfall to Plaintiff's attorney,

but comports with Plaintiff's agreement to pay a percentage of her past due benefits, and falls within the statutory limits.

### III.     Conclusion

Plaintiff's motion for attorney's fees is GRANTED IN PART and DENIED IN PART. Plaintiff's attorney, Roger Driskill, is entitled to $25,080.00 in fees under § 406(b). The Commissioner shall pay the fees from the amount which he is withholding from Plaintiff's past-due benefits. After receiving the attorney's fees from the Commissioner, Mr. Driskill shall refund to Plaintiff $9,485.22, which was the amount he received as fees under the EAJA.

IT IS SO ORDERED. Dated this 19th day of September, 2023.

                                                     __s/ John W. Broomes_____
                                                     JOHN W. BROOMES
                                                     UNITED STATES DISTRICT JUDGE